# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JOSPEH MCDANIEL,

   Plaintiff,

v.              Case No. 3:19-cv-1230-JRK

ANDREW M. SAUL,
Commissioner of Social Security,

   Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

Joseph McDaniel ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of high blood pressure, anxiety, depression, stress, a hernia, irritable bowel syndrome, and "intrap nerve damage in [Plaintiff's] scrotum." See Transcript of Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"), filed January 14, 2020, at 87-88, 101, 241 (emphasis omitted).

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed January 14, 2020. Reference Order (Doc. No. 16) entered January 15, 2020.

Plaintiff filed an application for SSI on April 11, 2016,[2] alleging a disability onset date of December 18, 2014. Tr. at 181-90. The application was denied initially, Tr. at 87-97, 98, 99, 114-16, and upon reconsideration, Tr. at 100-09, 110, 111, 120-24.

On August 28, 2018, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 34-86. At the time of the hearing, Plaintiff was 54 years old. See Tr. at 37. Approximately fourteen days after the hearing, Plaintiff submitted rebuttal evidence in the form of Mark Heckman's vocational report ("Heckman Report"). See Plaintiff's Response to Order Re. Exhibits (Dkt. 26) (Doc. No. 27; "Pl.'s Response") at Exhibits A (Heckman Report),[3] B (submission confirmation).[4] The ALJ declined to admit this evidence. See Tr. at 17. On December 3, 2018, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 17-29.

Thereafter, Plaintiff requested review of the Decision by the Appeals

---

[2] Although actually completed on April 11, 2016, see Tr. at 181, the protective filing date of the SSI application is listed elsewhere in the administrative transcript as March 15, 2016, see, e.g., Tr. at 87, 101.

[3] Mr. Heckman is a credentialed vocational expert with more than fifteen years of experience testifying in Social Security hearings. See Pl.'s Response at Ex. A. Plaintiff paid a fee for the report. See id.

[4] Plaintiff filed these exhibits at the Court's direction. See Order (Doc. No. 26), entered February 26, 2021. Exhibit A consists of a cover letter and the Heckman Report. Exhibit B is the confirmation that Plaintiff's evidence (the Heckman Report) was submitted.

Council and submitted additional evidence in the form of a letter authored by Plaintiff's counsel. See Tr. at 178-80 (letter); see also Tr. at 4, 5. On September 25, 2019, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On October 23, 2019, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues that the ALJ erred in that he "did not exhibit, acknowledge or discuss rebuttal evidence to the [VE]'s testimony," that is, the Heckman Report. Plaintiff's Memorandum – Social Security (Doc. No. 19; "Pl.'s Mem."), filed March 16, 2020, at 5 (emphasis omitted); see also Pl.'s Response at Exs. A, B. Plaintiff contends that this alleged error is not harmless and requires remand because the Heckman Report "undermine[s] the ALJ's step [five] finding" regarding work Plaintiff can perform. Pl.'s Mem. at 5-6.

On June 1, 2020, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem.") asserting that the ALJ "properly declined to admit the [Heckman Report] because the requirements of [§ 416.1435] were not met," and that "[n]othing more was required of the ALJ." Def.'s Mem. at 6. Defendant further asserts that "Plaintiff has not met his burden to show harmful error or that he could not perform the step-five jobs." Id. at 8; see also id. at 7-8.

3

With leave of Court, see Order (Doc. No. 24), on June 19, 2020, Plaintiff filed Plaintiff's Reply Brief (Doc. No. 25; "Pl.'s Reply Brief"). Relying on 81 Fed. Reg. 90987 (Dec. 16, 2016), Plaintiff argues that the SSA has clarified that "a claimant could use the exception set forth in 20 C.F.R. § 416.1435(b)(3) ('unusual circumstances') as a basis to submit evidence after the hearing." Pl.'s Reply Brief at 3 (citation omitted).

After a thorough review of the entire record and consideration of the parties' respective memoranda and Plaintiff's Reply Brief, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Plaintiff's rebuttal vocational evidence (the Heckman Report).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that

---

[5]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 19-28. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 15, 2016, the application date." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: back and neck pain secondary to some mild degenerative disc disease ('DDD'), gastroesophageal reflux disorder ('GERD'), abdominal pain, polysubstance addiction disorder, mediastinal lymphadenopathy, bilateral hilar adenopathy without any evidence of malignancy[,] and anxiety and depressive disorders treated with medication without routine mental health treatment." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citations omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform a range of light work as defined in 20 [C.F.R. §] 416.967(b) except that he can stand and walk for 4 hours in an 8 hour workday; sit for 4 hours in an 8 hour workday; alternating his position between sitting, standing and walking every 30 minutes; he can frequently operate arm/hand controls; occasionally operate foot/pedal controls; never climb ropes, ladders and scaffolding; occasionally climb ramps/stairs; occasionally perform all other postural activities; he can reach, handle, finger and feel within the light exertional level weights with no limitation; he has no limitations with his ability to see, speak or hear; he should avoid work at unprotected heights; needs a temperature controlled work setting with no exposure to concentrated industrial vibration; can perform simple, rote and repetitive tasks in a well-structured work environment where the job duties do not change much from one day to the next; interaction with others can be at least occasional; he should have no production goals or quotas to meet[,] and he may work better with things as opposed to people.

Tr. at 21-22 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work." Tr. at 26 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("51 years old . . . on the date the application was filed"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that Plaintiff "has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy," Tr. at 26-27, such as "Mail Clerk," "Hospital Products Assembler," and "Office Helper," Tr. at 27. The ALJ concluded that Plaintiff

6

"has not been under a disability . . . since March 15, 2016, the date the application was filed." Tr. at 28 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against

7

the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

As noted above, Plaintiff challenges the ALJ's failure to consider the Heckman Report, which was submitted approximately fourteen days after the hearing. See Pl.'s Response at Exs. A, B.

**A.   Applicable Law: 20 C.F.R. § 416.1435 (Submitting written evidence to an administrative law judge).**

Generally, claimants must submit all evidence "no later than 5 business days" before the hearing. 20 C.F.R. § 416.1435(a) ("5-Day Rule"). If a claimant does not comply with the 5-Day Rule, "the [ALJ] may decline to consider or obtain the evidence" unless an exception in subsection (b) applies. Id. Relevant to the issue here, § 416.1435(b)(3) states that the ALJ will accept the evidence if "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control prevented [the claimant] from informing [the SSA] about or submitting the evidence earlier." Id. at § 416.1435(b)(3).[6] Section 416.1435(b)(3) provides examples of when such circumstances are met, and these examples are not meant to be an exhaustive list. Id.

---

[6]   The other two exceptions listed in 20 C.F.R. § 416.1435(b) are: (1) [the SSA's] action misled [the claimant]; and (2) [the claimant] had a physical, mental, educational, or linguistic limitation(s) that prevented [the claimant] from informing [the SSA] about or submitting the evidence earlier. See 20 C.F.R. § 416.1435(b)(1)-(2).

8

**B.     The ALJ's Finding as to the Heckman Report**

The ALJ stated in the Decision that Plaintiff "submitted or informed the [ALJ] about additional written evidence less than five business days before the scheduled hearing date." Tr. at 17. Although the ALJ did not specifically state what "additional written evidence" he was referring to, it is apparent through the parties' memoranda that it was the Heckman Report. See Tr. at 17. The ALJ declined to admit the Heckman Report on the ground that its submission did not comply with the 5-Day Rule, and none of the exceptions in § 416.1435(b) applied. See Tr. at 17. This finding is the premise of Plaintiff's appeal.

**C.     Analysis**

As noted, the Heckman Report was submitted to rebut the VE's testimony at the hearing. See Pl.'s Response at Ex. A, at 2. Specifically, Mr. Heckman opines, in substance, that a person with Plaintiff's RFC would not be able to perform the jobs identified by the VE at the hearing. Id.

The ALJ erred in failing to admit and consider the Heckman Report. Social Securing Ruling ("SSR") 96-9p provides, in part, that "[w]henever a VE is used, the [claimant] has the right to review and respond to the VE evidence prior to the issuance of a decision." See SSR 96-9P, 1996 WL 374185, at *9 n.8 (July 2, 1996); see also Whitney v. Saul, No. CV 18-11095-JCB, 2019 WL 4072021, at *9 (D. Mass. Aug. 29, 2019) (unpublished) (recognizing that submitting rebuttal vocational evidence is appropriate pursuant to SSR 96-9p).

9

Courts have also found rebuttal evidence, like that at issue here, satisfies § 416.1435(b)(3) because a claimant cannot predict the VE's testimony. See Whitney, 2019 WL 4072021, at *9 (holding that "an unavoidable circumstance beyond [the plaintiff's] control prevented him from submitting the [rebuttal evidence] earlier 'since the claimant has no clue to what the vocational expert will testify until the end of the hearing'" (quoting Palombo v. Berryhill, No. 17-cv-284-LM, 2018 WL 3118286, at *5 (D.N.H. Jun. 25, 2018) (unpublished))); Patrick v. Saul, No. 1:18-CV-289-DBH, 2019 WL 3814283, at *2-4 (D. Me. Aug. 14, 2019) (unpublished) (finding the rebuttal evidence as an "unavoidable" circumstance for purposes of the 5-Day Rule); McClesky v. Astrue, 606 F.3d 351, 354 (7th Cir. 2010) (explaining that the "submission and consideration of post-hearing evidence are common in social security disability cases . . . since the claimant has no clue to what the vocational expert will testify until the end of the hearing").[7] The ALJ's failure to consider the Heckman Report is not harmless error because Mr. Heckman's opinions directly conflict with the VE's testimony. See Whitney, 2019 WL 4072021, at *10 (finding the ALJ's failure to admit and consider the rebuttal expert evidence was not harmless error even if

---

[7] Although Whitney and Patrick discuss 20 C.F.R. § 404.935, which is applicable for disability insurance benefits claims, the language is identical to the 5-Day Rule and its exceptions applicable for SSI cases. See Whitney, 2019 WL 4072021, at *9; Patrick, 2019 WL 3814283, at *2-4. Palombo discusses 20 C.F.R. § 405.331, which is a prior version of the 5-Day Rule. See Palombo, 2018 WL 3118286, at *5; see also 81 Fed. Reg. 90987, 90994 (Dec. 16, 2016).

the ALJ would have still credited the VE's testimony).

To the extent the ALJ believed under the facts of this case that the Heckman Report did not fall under an exception in 20 C.F.R. § 416.1435(b), he should have explained his reasoning. See Palombo, 2018 WL 3118286, at *5 (finding that the ALJ did not explain her reasoning for relying on the 5-Day Rule to exclude rebuttal evidence and judicial review was therefore frustrated).[8] Without the ALJ clearly articulating an explanation for finding that the Heckman Report did not meet any of the § 416.1435(b) exceptions, judicial review is frustrated.

## V. Conclusion

Based on the foregoing, it is

**ORDERED:**

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

---

[8] The Court recognizes the differences between Palombo and the facts here. In Palombo, the ALJ did not reference the rebuttal evidence or assess its admissibility under the then-applicable 5-Day Rule. See Palombo, 2018 WL 3118286, at *5. However, the Palombo court still noted that the lack of explanation, if the ALJ did rely on the rule, frustrated judicial review and required remand. See id.

11

      (A)    Evaluate Plaintiff's rebuttal vocational evidence, and if the evidence is rejected, clearly articulate the reasons for doing so; and

      (B)    Take such other action as may be necessary to resolve this matter properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** in Jacksonville, Florida on March 26, 2021.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

keb
Copies:
Counsel of Record