# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JOSEPH MCDANIEL,

    Plaintiff,

v.                                            Case No. 3:19-cv-1230-JRK

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

This cause is before the Court on Plaintiff's Unopposed Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. No. 30; "Petition"), filed June 23, 2021. In the Petition, Plaintiff's counsel seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $7,871.46. Petition at 1, 3; see id. at 6-7 ("Itemization of Time"). Plaintiff represents that Defendant does not oppose the relief requested. Id. at 2, 8.

Plaintiff's counsel indicates a total of 38.1 hours were expended in the representation of Plaintiff before the Court. Id. at 3; see also Itemization of Time. Plaintiff requests an hourly rate of $206.60. Petition at 3. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the

increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Petition, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees.[1]

Plaintiff has assigned his rights to any entitlement of attorney's fees due under the EAJA to his counsel. See Petition at Ex. 1 (Contingent Fee Agreement). Regarding the assignment, Plaintiff represents the following:

> The parties agree that after the Court issues an order accepting this Petition, the Commissioner will determine whether Plaintiff owes a debt to the government. If the United States Department of Treasury determines that . . . Plaintiff does not owe a federal debt, the government will accept Plaintiff's Assignment of EAJA fees . . . and pay fees directly to Plaintiff's counsel.

Id. at 4.

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Unopposed Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. No. 30) is **GRANTED**.

---

[1] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited June 24, 2021). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

2

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $7,871.46 pursuant to 28 U.S.C. § 2412(d).

3. The Commissioner may exercise his discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on June 24, 2021.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

keb
Copies:
Counsel of Record